UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Bankruptcy No. 02 B 21934 |
| | ) | Chapter 7 |
| BARRY KREISLER, | ) | Judge John H. Squires |
| | ) | |
| Debtor. | ) | |
| | ) | |
| FRANCES KREISLER, | ) | Adv. No. 04 A 02923 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CATHERINE STEEGE, in her capacity as Chapter 7 trustee for the estate of Barry Kreisler, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This matter comes before the Court on the complaint for turnover of certain sale proceeds filed by Frances Kreisler (the "Claimant") against Catherine Steege as the Chapter 7 trustee (the "Trustee") for the estate of Barry Kreisler (the "Debtor"). The Claimant contends that she is a secured creditor and her claim should be allowed and paid in full by the Trustee, including interest and attorney's fees. The Trustee objects to the claim and request for turnover. She maintains that the Claimant is not a secured creditor of the Debtor; rather, the Claimant made a gift to the Debtor. For the reasons set forth herein, the Court grants the relief requested and enters judgment in favor of the Claimant and against the Trustee. The Court finds that the Claimant has an allowed secured claim, including interest and attorney's fees, that shall be paid in full out of certain sale proceeds held by the Trustee.

-2-

## I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1334 and General Rule 2.33(A) of the United States District Court for the Northern District of Illinois. This matter constitutes a core proceeding under 28 U.S.C. § 157(a)(2)(A), (B) and (O).

## II. FACTS AND BACKGROUND

Most of the facts and background are undisputed. On June 5, 2002, the Debtor, a real estate developer, attorney and certified public accountant, filed a voluntary Chapter 11 petition. The attempted reorganization failed and the case was converted to Chapter 7 on November 25, 2002. Thereafter, the Trustee was appointed. The Claimant is the octogenarian mother of the Debtor.

Prior to the bankruptcy filing, the Claimant made a series of loans to the Debtor evidenced by a promissory note dated August 25, 2000 in the principal amount of $200,000.00, plus interest. *See* Trustee Ex. No. 1. Between November 2000 and April 2001, through a series of written directions to a broker, the Claimant transferred the total principal sum of $199,685.59 to or for the benefit of the Debtor. *See* Claimant Ex. Nos. 7-14; Trustee Ex. Nos. 2-6. The note was secured by a junior security interest in various items of the Debtor's personal property, a third mortgage on real property located at 2320 North Kedzie Boulevard, Chicago, Illinois, and a junior mortgage on real property located at as 1623-27 North Western Avenue, Chicago, Illinois (collectively, the "Property"). *See* Claimant Ex. Nos. 2-5; Trustee Ex. Nos. 8-11. The Debtor drafted and signed the promissory note, the security agreement, the mortgages, the financing statements and the other relevant

-3-

documentation surrounding the transaction at bar. The Claimant took no affirmative acts to perfect or enforce the liens or foreclose any interests in the Property. To date, the Debtor has not repaid the Claimant.

The Property became part of the Debtor's bankruptcy estate when he filed his petition in 2004. The Court entered orders approving the sale of the Property by the Trustee with liens to attach to the proceeds. The Trustee currently holds the proceeds from the sale.

The Claimant contends that she is owed the principal sum of the underlying note, plus interest and attorney's fees. The Claimant maintains that the transaction between her and the Debtor was in the nature of a true debtor/creditor relationship and that she was granted liens and security interests in the Property. The Trustee, on the other hand, contends that the transfers constituted a gift from the Claimant as the donor to the Debtor as the donee. It is undisputed that the Claimant parted with exclusive dominion and control of the funds that she transferred to the Debtor. The parties agree that Illinois law controls the ultimate issue of whether the transfers constituted a gift.

### III. APPLICABLE STANDARDS

A gift is a voluntary, gratuitous transfer of property by one person to another where the donor manifests an intent to make an absolute and irrevocable delivery of property to the donee. *Moniuszko v. Moniuszko*, 606 N.E.2d 468, 472 (Ill. App. Ct. 1992). Under Illinois law, the three elements for a valid gift are: (1) donative intent; (2) the donor parting with exclusive dominion and control over the subject of the gift; and (3) delivery to the donee. *Dubisky v. United States*, 62 F.3d 182, 185 (7th Cir. 1995) (*citing Frey v. Wubbena*, 185

N.E.2d 850 (Ill. 1962); *Dally v. Bank One, Chi., N.A. (In re Dally)*, 202 B.R. 724, 728 (Bankr. N.D. Ill. 1996). The parties do not dispute that the Claimant delivered $199,685.59 to the Debtor and parted with exclusive dominion and control over those funds. Thus, the sole issue before the Court is whether the Claimant transferred the funds to the Debtor with donative intent.

While the motive for making the gift is irrelevant, *In re Marriage of Weiler*, 629 N.E.2d 1216, 1222 (Ill. App. Ct. 1994), the intent of the donor at the time of the transfer determines whether a transfer constitutes a gift. *Pogge v. Neiderer (In re Neiderer)*, 196 B.R. 417, 420 (Bankr. C.D. Ill. 1996). Donative intent has been defined as an intention on the part of the alleged donor for an irrevocable transfer of title of the subject matter to the donee. *Gordon v. Gordon*, 252 N.E.2d 17, 19 (Ill. App. Ct. 1969). Whether there was donative intent is a question of fact. *Dubisky*, 62 F.3d at 185.

There is a presumption that a transfer from a parent to a child constitutes a gift and the burden is on the person challenging the nature of the transfer to overcome the presumption by clear and convincing evidence. *Frey*, 185 N.E.2d at 855; *Nordlund v. Nordlund*, 452 N.E.2d 18, 22 (Ill. App. Ct. 1983). It is undisputed that the Claimant is the Debtor's mother and the transfers benefitted her child, the Debtor. Hence, a presumption has arisen that the transfers were a gift. Accordingly, because the Claimant challenges that a gift was made, she has the burden of proof to show by clear and convincing evidence that she did not intend the transfers to the Debtor as a gift.

-5-

## IV. DISCUSSION

The Court is in the best position to assess the credibility of the witnesses and weigh the evidence. *See Anderson v. Bessemer City, N.C.*, 470 U.S. 564, 575 (1985) (noting that deference is given to a trial court's findings that involve credibility of witnesses because only the trial judge can be aware of variations in demeanor and tone of voice that bear so heavily on the listener's understanding of and belief in what is stated); *Torres v. Wis. Dept. of Health & Social Servs.*, 838 F.2d 944, 946 (7th Cir. 1988) (*citing Anderson*). The Trustee, the Claimant and the Debtor were the only witnesses who testified. The Court found all three witnesses credible.

The Trustee testified that she had no direct contact with the Claimant, and arrived at the conclusion that the subject transfers constituted a gift based on the surrounding circumstances and from comments made by other creditors of the Debtor's estate. *See* Trial Tr. at pp. 13-15. She concluded that the transfers were made to the Debtor as an estate planning tool for the benefit of the Debtor. *Id.* at p. 15. The Trustee did not examine other gifts or transfers from the Claimant, and had no knowledge of the Claimant's financial circumstances. *Id.* at pp. 15-16. The Trustee's testimony provided no assistance to the Court in determining whether the Claimant intended the transfers to be a gift to the Debtor.

Next, the Claimant testified that she transferred the funds to the Debtor "[b]ecause he needed the money and he was my son." *Id.* at p. 29. According to the Claimant, she never told anyone that the transfers to the Debtor were a gift. *Id.* at pp. 30-31. She emphatically stated that she did not intend the transfers to the Debtor as a gift. *Id.* at pp. 31, 38 & 42.

-6-

Although she has made gifts to her two children in the past, the Claimant testified that she has not made any gifts at the level of these transfers to the Debtor. *Id.* at pp. 29-30. She stated that she previously made a loan to her daughter in connection with her home purchase that was repaid in full, and she forgave the interest. *Id.* at pp. 30, 50-51. The Claimant testified that she raised the money to loan to the Debtor by borrowing on margin from her account at a brokerage firm at a lower interest rate than could be obtained at a bank or other financing lending institution. *Id.* at p. 31. According to the Claimant, she needs repayment of the money for her retirement. *Id.* at pp. 32 & 50. She stated that at the time of the transfers, she had no understanding with the Debtor exactly how the funds would be repaid, except that he said that he would repay the money soon. *Id.* at p. 33. The Claimant testified that she did not issue any demand letters to the Debtor because he is her son. *Id.* at pp. 33 & 47. She has incurred and paid attorney's fees in this litigation regarding collection of the loan and has received no repayment. *Id.* at pp. 33-34.

According to the Claimant, the Debtor told her that the note would be secured by his home. *Id.* at pp. 37 & 41. She acknowledged that the Debtor drafted all of the related documents. *Id.* at pp. 42-49. It was her understanding that in order to borrow the money from her brokerage firm she had to put up some of her assets as collateral. *Id.* at p. 46. Therefore, she understood that her son had to put up some of his collateral for the loan. *Id.* The Claimant did not know the specifics regarding the nature of the collateral the Debtor granted interests in to her. *Id.* at pp. 47-49.

Lastly, the Debtor testified that the balance due the Claimant, including principal, interest, attorney's fees and costs, totals $302,700.00. *Id.* at p. 63. He admitted drafting all

-7-

of the loan documents as well as the directions from the Claimant to her broker regarding the disbursement of the loan proceeds to him. *Id.* at pp. 64-66. According to the Debtor, he drew the documents to reflect the actual loan transaction that he and the Claimant agreed on. *Id.* at p. 66. The Debtor testified that he used the proceeds in an attempt to save some of his real estate deals. *Id.* at p. 68. He stated that at the time of the transaction with the Claimant, he believed he had a cash shortage problem that he hoped was only short term. *Id.* at p. 80. The Debtor admitted that in the past he transferred his home to his sister for no consideration in order to insulate that property from his creditors. *Id.* at p. 86. She subsequently reconveyed the property back to him. *Id.*

After considering all the evidence, the Court finds that the Claimant has demonstrated by clear and convincing evidence that she did not possess the requisite donative intent. Although insider transactions are inherently suspicious, the credible evidence clearly shows that the Claimant lacked the requisite donative intent with regard to the transfers to the Debtor. It is unquestioned that the Debtor received the money, the transaction was documented as a loan, and the Claimant intended the deal to be a loan, not a gift. Thus, a true debtor/creditor relationship was intended and convincingly shown by the evidence. There is no credible evidence for the Court to conclude that the Claimant intended to give the money to the Debtor as a gift.

The Trustee contends that the presence of the underlying security agreement (unsigned by the Claimant) and mortgage documents (all executed by the Debtor) is not conclusive as to the true nature of the transaction. The intent of the Debtor as donee is irrelevant, the Trustee argues, because the underlying documents attempt to reconstruct a gift

-8-

transaction into a loan transaction that was never meant to be a loan in the first place. According to the Trustee, the Debtor, in granting the security interest and mortgages in favor of the Claimant, sought to encumber almost all of his valuable assets with liens in favor of family members so as to prevent the successful administration of the estate for the benefit of the Debtor's other creditors.

The Court finds that there was no evidence adduced by the Trustee to show that the Debtor orchestrated this transaction with the Claimant as a plan to encumber his assets in favor of family members to the exclusion or detriment of third-party creditors. The Court notes, and the Trustee does not dispute, that all of the Property had prior encumbrances in favor of other third-party, non-insider creditors. Further, the fact that the Claimant never filed a pre-petition lawsuit against the Debtor to collect the sum due her does not mean that she intended the transaction as a gift to the Debtor. Indeed, the Claimant hired an attorney after the Debtor filed bankruptcy in order to enforce her junior secured position with respect to the Property. Moreover, the Claimant has filed the instant adversary proceeding to collect her claim from the Trustee, which is undoubtedly a proper vehicle to collect her debt and recover her claim. Finally, the Court rejects the Trustee's argument that because the Claimant never signed the security agreement and did not understand or know the breadth of the security interest the Debtor granted to her, the transaction was in the nature of a gift rather than a loan. The Court finds that because the Claimant is an elderly retired woman not regularly engaged in making secured loans, it is quite understandable that she lacked the understanding of the legal ramifications of all the related documentation regarding the loan.

-9-

In sum, the Court finds that the Claimant has demonstrated by clear and convincing evidence that she did not possess the requisite donative intent. In addition, the Trustee has failed to proffer any convincing evidence to support her argument that the transaction between the Claimant and the Debtor was intended by the Claimant to be a gift rather than a loan. The Court finds that the Claimant has established that she has a secured claim that should be paid out of the proceeds of the sale. Accordingly, the Court finds that the Claimant has an allowed secured claim, including interest and attorney's fees, that shall be satisfied from the proceeds of the sale of the Property.

## V. CONCLUSION

For the foregoing reasons, the Court grants the relief requested and enters judgment in favor of the Claimant and against the Trustee. The Court finds that the Claimant has an allowed secured claim, including interest and attorney's fees, that shall be paid in full from the proceeds of the sale of the Property.

This Opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate order shall be entered pursuant to Federal Rule of Bankruptcy Procedure 9021.

**ENTERED:**

DATE: 6/9/5

John H. Squires
United States Bankruptcy Judge

cc: See attached Service List

## SERVICE LIST

### Frances Kreisler v. Catherine Steege
### Adversary No. 04 A 02923

Daniel A. Zazove, Esq.
Ryan B. Whitacre, Esq.
Perkins Coie LLP
131 S. Dearborn Street, Suite 1700
Chicago, IL 60603-5559

Catherine Steege, Esq.
Jenner & Block LLP
One IBM Plaza
Chicago, IL 60611

Peter A. Siddiqui, Esq.
Jenner & Block LLP
One IBM Plaza
Chicago, IL 60611

Ira Bodenstein
United States Trustee
227 West Monroe Street, Suite 3350
Chicago, IL 60606